## New v. Mohawk Gravel Company.

[No. 13,149.   Filed November 23, 1928.   Rehearing denied February 14, 1929.]

*Charles L. Tindall* and *George T. Tindall,* for appellant.
*Samuel J. Offutt* and *W. E. Bussel,* for appellee.

McMahan, J.—Complaint by appellant against appellee to quiet title to certain land in Hancock county. Appellee filed a cross-complaint. Trial by the court resulted in a decree in favor of appellee on its cross-complaint, hence, this appeal. The salient facts are: William Frazier, on and prior to August 31, 1900, was the owner of the real estate in controversy. On that date, he, by warranty deed, conveyed the property to appellee's remote grantors, his wife not joining therein. William Frazier died testate in September, 1906, his wife surviving, and to whom he, by his will, which was duly probated, gave a life estate in all of his property, real and personal, with remainder to his seven children. Elizabeth Frazier, the widow of William Frazier, died intestate in July, 1907, leaving as her sole and only heirs certain named children and grandchildren, from whom appellant derived his alleged title.

At the time of the death of William Frazier, and for more than ten years prior thereto, Elizabeth Frazier was a person of unsound mind, and was so recognized by her husband in his will. On December 19, 1906, Elizabeth Frazier was adjudged of unsound mind by the Hancock Circuit Court, and Charles W. Winn, a son-in-law, who was also the executor of her husband's estate, was appointed and qualified as her guardian, and continued to act as her guardian until her death. After such appointment, the guardian, as such, took charge and possession of all the real estate owned by William Frazier at the time of his death, and, as such guardian, collected all the rents, profits and income therefrom and retained the same as the property of his ward, and his acts, being reported to the court, were approved and the guardian finally discharged. Such guardian never filed a petition praying for the advice of the court, to determine whether he, as guardian, should, on behalf of his ward, take under such will or renounce the provisions thereof and take

under the law of descent. Elizabeth Frazier did not elect to retain the rights in her husband's estate given her under the law.

Section 27 of the statute of descent, §2491 R. S. 1881, §3349 Burns 1926, provides that: "A surviving wife is entitled, except as in section seventeen (§3337) excepted, to one-third of all the real estate of which her husband may have been seized in fee-simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death," etc.

Section 3043 Burns 1914, Acts 1885 p. 239, provides that: "If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall take under the will of her late husband, unless she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both unless it plainly appear by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed in addition to her rights in the lands of her husband."

Section 3359 Burns 1926, Acts 1907 p. 73, provides that if a surviving wife be insane at the time of the probate of a will of her deceased husband, or if she becomes insane within the year within which such election may be made, and without making such election, it shall be the duty of the guardian of such insane wife to file a petition in the circuit court where the will is probated, praying for the advice of the court, to determine whether he, as such guardian, shall on behalf of his ward, take under the will or renounce its provisions and take under the law.

Appellant contends that since Elizabeth Frazier did not join with her husband in the deeds wherein he conveyed the land in question to appellee's remote grantors, she, upon his death, took a fee simple title to a one-third interest in such land under §3349, *supra*, and that, upon her death intestate, such one-third interest descended to her heirs through whom appellant derived his title.

Appellee contends that William Frazier, by his will, made such a provision for his wife that, in the absence of an election by her to take under the law, she took the estate devised to her by the will, and, having taken under the will, she was not entitled to an interest in the land which her husband had during their marriage conveyed to appellee's remote grantors, and in the conveyance of which she did not join.

Under the plain provisions of our statute, where a husband has made provisions in his will for his wife, she will take under the will, unless she elects to take under the law, or unless it plainly appears by the provisions of the will to have been the intention of her husband that she should have both her statutory rights and the provisions made for her by the will.

A widow, by electing to take under the will of her husband, relinquishes her statutory rights in all of the lands whereof her husband had been seized of an estate of inheritance at any time during their intermarriage. Her choice of the provisions made for her by such will operates as a complete relinquishment of all of her statutory rights in all of the land of which her husband was seized at any time during the marriage, including lands which he formerly owned and which he had conveyed without his wife joining in such conveyance. *Bowers* v. *Lillis* (1917), 187 Ind. 1, 115 N. E. 930.

Appellant insists that since Elizabeth Frazier was insane at the time of the death of her husband and at the

time of the probate of his will, the failure of her guardian to petition the court for instructions relative to an election on her behalf, and the failure of the court to hear such petition and make an order thereon, followed by an election by such guardian, pursuant to such order, to take under the will of the husband, a one-third interest in the real estate in question vested absolutely in the widow upon the death of her husband, and that by reason of the conveyances from her heirs to appellant, he is now the owner in fee simple of a one-third interest in the land. We cannot concur in this contention. The statute requiring a widow to elect when she desires to take under the law instead of under the will of her deceased husband is general and applies to all widows, sane or insane. The failure of the guardian to petition the court for advice, does not change the effect of the statute requiring the widow to make an election to take under the law when such an election would have been required of such widow if she had been sane.

Judgment affirmed.